[Crim. No. 7133.   Second Dist., Div. Two.   Oct. 28, 1960.]

THE PEOPLE, Respondent, v. LUIS SOTO PADILLA et al., Defendants; BERNICE WATERMAN, Appellant.

Joseph T. Forno for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant Waterman appeals from judgment convicting her of possessing heroin in violation of section 11500 of the Health and Safety Code, and from the order denying her motion for a new trial. Her sole contention is that the trial court erred in finding that there was reasonable and probable cause for the officers' search of her residence and for her ensuing arrest.

The arresting officers testified at length concerning their long surveillance of appellant and their observations of her repeated contacts with certain persons reputed to be engaged in the narcotics trade on a large scale. However, since there is abundant evidence in the record that appellant expressly and voluntarily consented to the search of her apartment, it is unnecessary to review the mass of evidence relied upon by the People to show reasonable cause for the officers' belief that appellant was actively dealing in narcotics.

The testimony of Officer Sanchez included the following: that he and two other uniformed officers went to appellant's residence, knocked on the door and upon her appearance identified themselves as police officers; that Officer Sanchez then stated to appellant that he believed there were narcotics in the house; that appellant replied that this was ridiculous; that Sanchez then asked appellant whether she minded if they searched her house and that she replied "No, go ahead. You're welcome. Just don't tear it up." It was stipulated that the other two officers, if called to testify, would corroborate the testimony of Officer Sanchez concerning his conversation with appellant prior to the officers' entry into the residence. Appellant herself testified that the officers first entered the house and then asked about narcotics. She admitted, however, that she gave them permission to "look around."

A search of one of the apartment closets produced about $4,000 in cash found in a blue paper bag in a clothes hamper along with a quantity of heroin contained in a prophylactic wrapped in brown paper. On finding the narcotics, Officer Sanchez placed appellant under arrest.

Where a defendant's consent to a search is freely given, the evidence obtained thereby is admissible whether or not the searching officers have a search warrant. (*People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241] ; *People* v. *Ingle,* 53 Cal.2d 407, 415-416 [348 P.2d 577].) Whether there has been a voluntary consent to a search is a question of fact for the trial court. (*People* v. *Melody,* 164 Cal.App.2d 728, 733-735 [331 P.2d 72] ; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852].)

In the presence of substantial evidence that appellant freely and voluntarily consented to the search of her apartment, it cannot be doubted that the implied finding of the trial court was adequately supported.

The judgment and order appealed from are affirmed.

Fox, P. J., and Ashburn, J., concurred.