[Crim. No. 7293.   First Dist., Div. One.   July 14, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. MYRA FOSTER et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Appellant.

Joseph A. Filippelli, Gilbert Eisenberg and Filippelli & Eisenberg for Defendants and Respondents.

ELKINGTON, J.—The People appeal from an order of the superior court dismissing "in furtherance of justice," pursuant to Penal Code section 1385, a criminal action in which defendants were charged with possession of marijuana (a violation of Health and Safety Code section 11530). The dismissal immediately followed, and was based upon, the defendants' successful motion in the same court to suppress the only evidence supporting the charge. The motion to suppress evidence was made under the authority of Penal Code section 1538.5.

At the hearing on the motion the following evidence was produced. A soldier reported to police that he had responded to a solicitation by two females to engage in an act of prostitution. Agreeing to their terms he accompanied them to their apartment. After disrobing he entered the bedroom where he

saw the two women going through his trouser pockets. They took $1,200 in currency which he was unable to retrieve. To the police he described the women and pointed out the building. After being admitted by the apartment house manager the soldier pointed out apartment 111 as the location of the offense. The manager, who had a few days earlier reported prostitution activities in that apartment, said it was occupied by Floyd Macklin and Myra Foster. The officers knocked on the door for several minutes without any response. They then secured a key from the manager and entered. Finding no one present they opened closet doors but otherwise made no search.

A few hours later, 10:30 p.m., the officers returned without the soldier. They knocked on the door of apartment 111 and shouted loudly, "It's the police." Movements were heard within the apartment. The police continued to call out "It's the police"; they so announced themselves several times. Receiving no response they obtained a key from the manager, came back and opened the door. As the lock turned, they again called out, "Police, we are coming in." The defendants were found in the apartment. Myra Foster was arrested, whereupon the police made a search of the apartment for the stolen money.[1] Underneath a bed they found a paper box containing marijuana. They then arrested the male defendant, Floyd Macklin.

Defendant Macklin took the witness stand; he testified that he heard neither a knock on the door nor any announcement by the police.

The superior court, on the motion to suppress, found that the police did knock on the apartment door, announcing they were police, as they had testified. Defendants urged, however, that since there was no evidence that the police had explained the purpose for which admittance was desired as required by Penal Code section 844,[2] the entry, the arrest, and the incidental search which turned up marijuana, were unlawful.

The court concluded that there had been substantial compli-

---

[1]*Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], relating to the extent of a search made as an incident to a valid arrest, is inapplicable here. The rule there announced operates prospectively only. (*People* v. *Castillo, ante,* p. 508 [80 Cal.Rptr. 211].)

[2]Penal Code section 844, as pertinent here, states: "To make an arrest . . . a peace-officer may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance *and explained the purpose for which admittance is desired.*" (Italics added.)

ance by the police with section 844 and denied the motion to suppress.

The order denying the motion to suppress evidence was entered on February 13, 1968. On February 28, 1968, the case of *People* v. *Rosales,* 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489], was decided by the Supreme Court. In that case, police officers entered a house and arrested Rosales and another without first demanding admittance, and without announcing that they were police officers and the purpose for which admittance was required. The arrests, and an ensuing search which disclosed heroin, were held invalid.

At the suggestion of defendants' counsel the superior court reconsidered, in the light of *Rosales,* the earlier motion to suppress. Concluding that *Rosales* necessarily required, for substantial compliance with Penal Code section 844, an explanation of the purpose for which police admittance was desired,[3,4] the court set aside its earlier order and granted the motion.

Since the order suppressing evidence removed the necessary evidence from the People's case, the court thereupon, in furtherance of justice, dismissed the action as permitted by Penal Code section 1385. It is from the order dismissing the action that the instant appeal is taken.

■ The first question presented to us relates to the scope of an appeal from an order dismissing an action in furtherance of justice, which is based upon an order granting a motion to suppress evidence. The People contend that such an order of dismissal may be reversed if the appellate court finds error in the earlier Penal Code section 1538.5 suppression order. Defendants insist that the exclusive method for review of such an order suppressing evidence is by way of petition for mandate or prohibition; and that on an appeal from such a section 1385 order of dismissal the appellate court is limited to a determination whether the remaining unsuppressed evidence was sufficient to justify a trial of the defendant.

Penal Code section 1538.5, enacted in 1967, provides for a special hearing before trial, on the motion of a defendant, for the purpose of determining the validity of a search or seizure resulting in evidence proposed to be used against the defendant. Subdivision (j) of that section provides that if the

---

[3]Our reading of *People* v. *Rosales,* 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489], indicates that such a conclusion was not necessarily warranted.

[4]It is conceded that the superior court found in favor of the People on the factual issues of the suppression proceedings.

defendant's motion is *granted* at the special hearing, the People may either relitigate the issue at trial (upon presentation. of additional evidence and a showing of good cause) *or* the People "may seek appellate review [by petition for writ of mandate or prohibition] as provided in subdivision (o) . . . , *unless* the court prior to the time such review is sought has dismissed the case pursuant to Section 1385." (Italics added.) Subdivision (*l*), relating to a stay of proceedings pending appellate review, provides that "Nothing contained in this subdivision shall prohibit a court, at the same time as it rules upon the search and seizure motion, from dismissing a case pursuant to Section 1385 when such dismissal is upon the court's own motion and is based upon an·order at the special hearing granting defendant's motion to return property or suppress evidence."

In 1967, concurrently with the enactment of Penal Code section 1538.5 (Stats. 1967, ch. 1537), the Legislature enacted Penal Code section 1238, subdivision 7, authorizing an appeal by the People from "an order dismissing a case prior to trial . . . whenever such order is based upon an order granting defendant's motion to . . . suppress . . . evidence made at a special hearing as provided in this Code."

From the foregoing it seems apparent that the legislative scheme for review of an order suppressing evidence under Penal Code section 1538.5 is that if the motion is granted, and the case remains pending because there is some evidence left in the case, the People are entitled to speedy relief by way of writ to test the order, during which time the proceedings are stayed. If, however, the order suppressing the evidence removes from the case the evidence required to convict, the trial court is authorized to dismiss the action in furtherance of justice (Pen. Code, § 1385); in such event there is no necessity for the speedy writ procedure to protect the interests of the People. In the latter ·case, as is the case in the granting of a comparable order setting aside an indictment or information for other reasons (see Pen. Code, §§ 995, 1238, subd. 1), the People are relegated to their remedy by way of appeal.

If, as argued by defendants, a section 1538.5 order suppressing evidence may not be reviewed on appeal from a related section 1385 dismissal, highly objectionable results would follow. Section 1538.5, subdivision (j), authorizes review by writ of prohibition or mandamus· *only* if the case has not previously· been dismissed under section 1385. It

would follow that when the case has been so dismissed the People would be without means of review of the suppression order on which the dismissal was based, a consequence clearly unintended by the Legislature.

We hold that where the People appeal from an order dismissing an action under Penal Code section 1385, and such order is based upon an order suppressing evidence (Pen. Code, § 1538.5), the appellate court may consider, and reverse for, error attending the earlier suppression order.

Other Courts of Appeal of this state have reached a similar conclusion. In *People* v. *Superior Court*, 273 Cal.App.2d 459, 461, fn. 1 [78 Cal.Rptr. 153], the court stated: "Penal Code section 1538.5, subdivision (j), authorizes the People to seek appellate review by mandamus as provided in 1538.5, subdivision (o) 'unless the [trial] court prior to the time such review is sought has dismissed the case pursuant to [Penal Code] Section 1385.' In this case, the criminal proceeding is still pending. If there had been a 1385 dismissal, the proper remedy for the People would have been an appeal as authorized in Penal Code section 1238, subdivision 7."

*People* v. *Superior Court*, 271 Cal.App.2d 338, 346 [76 Cal.Rptr. 712], declares: "On the other hand if, after granting defendant's motion to suppress, the superior court feels the case should be dismissed, the procedure therefor is found in sections 1538.5, subdivision (j), 1385 and 1238, subdivision 7, Penal Code, which provide that the court on its own motion may order a dismissal based upon the granting of defendant's motion to suppress; from this order the People may take an appeal and therein test the ruling on the motion to suppress." In *People* v. *Rogers*, 270 Cal.App.2d 705 [75 Cal.Rptr. 919], *People* v. *McGrew*, *(Cal.App.) 75 Cal.Rptr. 378, and *People* v. *Jackson*, 268 Cal.App.2d 306 [74 Cal.Rptr. 40], although the instant issue appears not to have been raised, the courts, on appeals from orders of dismissal in furtherance of justice, reversed such orders because of error in granting previous orders suppressing evidence under Penal Code section 1538.5.

■ We turn to consider the contentions raised by defendants in the superior court and now on this appeal: (1) that the police had no probable cause to believe defendant Myra Foster was in the apartment at the time of her arrest, and (2)

---

*A hearing was granted by the Supreme Court on April 30, 1969. The final opinion is reported at 1 Cal.3d 404 [82 Cal.Rptr. 473, 462 P.2d 1].

that there was no substantial compliance with the ''knock and notice'' provisions of Penal Code section 844.

The police were advised by the soldier that he had observed the commission of a felony, of which he was the victim. They were entitled to rely and act on such information. (See *People v. Guidry,* 262 Cal.App.2d 495, 498 [68 Cal.Rptr. 794]; *People v. Lewis,* 240 Cal.App.2d 546, 550 [49 Cal.Rptr. 579].) The money had been stolen just a few hours before in the apartment which was pointed out to them. The prostitutes had entered and used the apartment, of which they appeared to have possession; they had entered it with a key. The police had been informed by the manager that it was occupied by Myra Foster and that it had been used for purposes of prostitution. When the police knocked on the door and announced they were police there was a commotion inside, yet the door was not opened. This substantial evidence established probable cause for the arrest of Myra Foster, and for the belief that she was then in the apartment. It disposes of the first of defendants' remaining contentions.

The contention that the failure of the officers to ''explain the purpose for which admittance is desired'' was fatal to the arrest and the consequent search is also without merit.

Defendants principally rely here, as they and the court did below, on *People v. Rosales, supra,* 68 Cal.2d 299. There it will be recalled, police officers, legally entitled to arrest a house's occupant, entered without announcing themselves to be police officers *and* without announcing their purpose. However, on July 16, 1968, and after the order here in question was entered, *Rosales* was clarified by *People v. Marshall,* 69 Cal. 2d 51 [69 Cal.Rptr. 585, 442 P.2d 665]. In *Marshall,* as here, police had a right to arrest a person reasonably believed to be in an apartment. They ''knocked on the door several times, announced their identity, and demanded entry. There was no response. They then picked the lock, and . . . entered the apartment with their guns drawn.'' (69 Cal.2d at p. 55.) Before entering they did *not* announce their purpose to arrest the occupant. The Supreme Court held (p. 55): ''By persistently knocking, demanding entry, and identifying themselves for several minutes before picking the lock and entering, *the officers substantially complied with the notice requirements of the statute.* [Pen. Code, § 844.]'' (Italics added.) *Marshall* thus clearly establishes that Penal Code section 844 requires that police, seeking to arrest an occupant of a house or apartment (unless valid reason to the contrary appears),

must knock and announce that they are police officers before entering. Such is substantial compliance with the statute, even though the police do not further explain their purpose to make an arrest.

In the case before us the police fully complied with the requirements of *Marshall*. They knew that someone was within the apartment. The occupant did not respond to the knocking on the door or the announcement that they were police officers. Further explanation that they were there to make an arrest would appear to be futile. (See also *People* v. *Nash*, 261 Cal.App.2d 216, 225-226 [67 Cal.Rptr. 621].) Accordingly, we hold that the arrest of Myra Foster and the incidental search of her apartment were constitutionally and legally permissible. Following the discovery of marijuana, the apartment's other occupant, Floyd Macklin, was also properly arrested. The trial court therefore erred in suppressing the product of the search and in dismissing the action against defendants.

The order dismissing the action is reversed; the trial court will set aside the order suppressing evidence.

Molinari, P. J., and Sims, J., concurred.

On August 5, 1969, the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied September 24, 1969. Peters, J., was of the opinion that the petition should be granted.