[Crim. No. 15887.   Second Dist., Div. One.   Aug. 22, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. SAMUEL MARIO PERILLO, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Roy Mason, Joel S. Peck and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

THOMPSON, J. — An information was filed charging respondent with possession of heroin in violation of Health and Safety Code section 11500 and of narcotic paraphernalia in violation of Health and Safety Code section 11555.

Respondent moved, pursuant to Penal Code section 1538.5, to suppress evidence consisting of bindles of heroin and narcotic paraphernalia on the ground that it was illegally obtained. By stipulation, the motion was heard upon the basis of the evidence introduced at the preliminary examination at which respondent was bound over for trial.

## Facts

Officers of the La Habra Police Department who were investigating a burglary in which a television set, an electric knife, a piggy bank, and two watches were taken arrested Clifford Lucas, who had pawned the television set, on a charge of receiving stolen property. On April 3, 1968, Lucas told the police that he had obtained the television set from respondent and that the set had been delivered in respondent's garage. That day Officers Buchholz and Castro of the La Habra Police Department and Detective Jewell of the Lynwood Police Department went without an arrest or search warrant to respondent's home in Lynwood. The officers located respondent's mother in the back yard and told her they desired to interview respondent. She directed them to the front door and then invited the officers to enter. Respondent's mother said her son was in his bedroom and told the officers to go there. Respondent was lying in bed dressed in pajama bottoms and watching television. The officers told respondent that they were investigating a burglary and that they wished to talk to him about it. Respondent denied knowledge of the crime. He was asked if he would accompany the officers to the station for the purpose of discussing the burglary, and he stated that he would. Respondent then asked if he could get dressed and was told that he could. He dressed in a room other than that occupied by the officers. Respondent was advised of his *Miranda* rights and said he understood them. He was then asked by Officer Buchholz if the officers could search the bedroom and garage and replied: "I don't care." Officers Buchholz and Jewell searched the bedroom looking for the loot taken in the burglary. In the pocket of a coat hanging in a bedroom closet, Jewell found heroin, seconal, and narcotic paraphernalia.

## Action By Trial Court

On August 1, 1968, the trial court granted respondent's motion to suppress evidence. Its minute order states: "The motion of the defendant under Section 1538.5 Penal Code is granted and the cause is dismissed pursuant to section 1385

Penal Code solely on the ground that although the Court believed the People's witnesses, it has been concluded that as a matter of law, the facts testified to by the People's witnesses do not establish a reasonable search or seizure." The trial judge made a similar statement from the bench articulating the reason for his ruling granting the motion.

### Review of Propriety of Order Granting Motion to Suppress on Appeal From Dismissal

Prior to consideration of the substance of the case at bench, we face a procedural problem. Two decisions of the Court of Appeal for the First District have recently disagreed on whether the propriety of the action of a superior court in granting a motion to suppress evidence made pursuant to section 1538.5 may be reviewed on an appeal by the prosecution from a dismissal pursuant to Penal Code section 1385 when the dismissal is based on the granting of the motion to suppress. *People* v. *Foster* (1st Crim. 7293, filed July 14, 1969, 274 Cal.App.2d 778 [79 Cal.Rptr. 397]) answers the issue in the affirmative. *People* v. *Sheahan* (1st Crim. 7212, filed June 27, 1969) *(Cal.App.) 79 Cal.Rptr. 299 holds that the only method of review available to the prosecution is by prerogative writ. Understandably, we adopt the rule of *People* v. *Foster, supra,* since that decision is based on our opinion in *People* v. *Superior Court,* 271 Cal.App.2d 338 [76 Cal.Rptr. 712].

In our judgment, remedy by appeal is open to the prosecution if the trial court grants a motion to suppress evidence pursuant to Penal Code section 1538.5 and thereafter immediately dismisses the cause pursuant to Penal Code section 1385. That appeal may question the validity of the order granting the motion to suppress which is the cause of the dismissal. These conclusions flow from the language of the pertinent statutes.

Section 1538.5 states in subdivision (j): ". . . If defendant's motion is granted at a special hearing in the superior court, . . . the people may seek appellate review as provided in subdivision (o) of this section, *unless the court prior to the time such review is sought has dismissed the case pursuant to Section 1385. . . ."* (Italics supplied.) Subdivision (o) provides: ". . . [A]fter a defendant's motion is granted at a

---

*A rehearing was granted on July 25, 1969. The final opinion was filed on December 2, 1969, and certified for nonpublication.

special hearing in the superior court, the people may file a petition for writ of mandate or prohibition, seeking appellate review of the ruling regarding the search or seizure motion. . . .''

Penal Code section 1238 states in subdivision 7: ''An appeal may be taken by the people: . . . 7. From an order dismissing a case prior to trial made upon motion of the court pursuant to section 1385 whenever such order is based upon an order granting defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code.''

Penal Code section 1538.5 states in subdivision (j): ''If the people prosecute review by appeal or writ to decision . . . it shall be binding upon them.''

In the case at bench we deal with a situation in which the defendant's (respondent's) motion to suppress evidence was granted at a special hearing in the superior court and where, based on the order granting the motion, the court at its own instance dismissed the case prior to trial. The matter falls squarely within the statutory definition of the situation in which appeal from the dismissal is proper and in which review by prerogative writ of the order of suppression upon which the dismissal is based is precluded. The matter also falls squarely within the statutory definition of the situation in which the results of review by appeal will be binding upon the People. These circumstances and the general proposition that an appeal from a judgment of itself includes an appeal from the orders that led to the judgment impel us to the conclusion that the rule enunciated by us in *People* v. *Superior Court, supra,* and followed in *People* v. *Foster, supra,* is a correct statement of the law.

### Legality of the Search

The trial judge based his order suppressing evidence on the proposition that while he accepted the testimony offered by the prosecution (appellant) as true ''it has been concluded as a matter of law, the facts testified to by the People's witnesses do not establish a reasonable search or seizure.'' Since the motion to suppress was heard on appellant's theory that there was consent to the search and respondent's argument to the contrary[1], the issue before the court was one of fact and

---

[1]We do not consider the issue of validity of the search absent consent since appellant and respondent both state that issue is not before us.

not of law unless the only permissible inference to be drawn from the evidence is lack of voluntary consent. (*People* v. *Mersino*, 237 Cal.App.2d 265 [46 Cal.Rptr. 821]; *People* v. *Ruhman*, 224 Cal.App.2d 284 [36 Cal.Rptr. 493] hearing denied; *People* v. *Jackson*, 191 Cal.App.2d 296 [12 Cal.Rptr. 748], hearing denied.) The trial court's ruling that the issue is one of law thus requires reversal of its order if the evidence in the case at bench could lead to the inference that respondent voluntarily consented to the search. We conclude that such an inference if drawn would be proper.

Respondent's position as accepted by the trial court is that: (1) he did not unequivocally consent to the search; and (2) any consent given by him was in submission to authority and not voluntary because he had previously agreed to accompany the officers to the station to discuss the burglary and had been warned of his *Miranda* rights. The first argument is not supported by the record, and the second while pertinent to an ultimate decision of fact with respect to the voluntary nature of the consent does not establish that the consent was involuntary as a matter of law.

■ Respondent replied to the officers' request for permission to search with the words: "I don't care." We conclude that he thereby gave his consent. No particular words are required to establish a consent to search; rather consent is established by words or conduct which import that it has been given. (*People* v. *Baca*, 198 Cal.App.2d 391 [17 Cal.Rptr. 779].) Here the fair objective meaning of the phrase used by respondent in the context in which it was uttered is that of acquiescence to the request made of him. (See *People* v. *Padilla*, 185 Cal.App.2d 718 [8 Cal.Rptr. 507] request to search answered with, "you're welcome"; *People* v. *Burke*, 47 Cal.2d 45 [301 P.2d 241] permission to search sought with phrase, "You don't mind then if we search your apartment do you?" and answered with, "No, go ahead."; *People* v. *Carrillo*, 64 Cal.2d 387 [50 Cal.Rptr. 185, 412 P.2d 377] cert. denied, 385 U.S. 1013 [17 L.Ed.2d 549, 87 S.Ct. 723], request to search answered to the effect "go ahead" and "she didn't care"; *Gorman* v. *United States*, 380 F.2d 158, request answered with "Be my guest.") Although consent was solicited and given to search "the bedroom and garage," it is a reasonable construction that it included the right to search the closet which was a part of the bedroom.

■ The evidence is not such that it can be held that the consent given was, in the words of the trial court, "not a free and voluntary statement" as a matter of law. It is not unrea-

sonable for police officers to seek an interview with a suspect at his home and in the course of it also to request his permission to search the premises. (*People* v. *Fields,* 167 Cal.App.2d 773 [334 P.2d 1001]; *People* v. *Zavaleta,* 182 Cal.App.2d 422 [6 Cal.Rptr. 166].) The additional fact that in the course of such an interview the suspect agrees to accompany the officers to the station for further interrogation does not render any consent given by him involuntary and in submission to authority as a matter of law. (*People* v. *Davis,* 235 Cal.App. 2d 214 [45 Cal.Rptr. 297]; *People* v. *Phelps,* 192 Cal.App.2d 12 [13 Cal.Rptr. 383].) Neither does the further fact that the suspect is warned of his *Miranda* rights.

Respondent relies on *Lane* v. *Superior Court,* 271 Cal.App. 2d 821 [76 Cal.Rptr. 895] as indicating a contrary result to that reached by us here. We do not so construe that decision. In *Lane,* an officer had first requested permission to search the defendant and had been refused. He persisted in his request and was granted permission. In reaching its decision that the eventual permission was not freely given the court emphasizes: "She refused, asked whether the officer had a search warrant, and stated he had to have one to search. By so doing she unequivocally conveyed to the officer her intention to rely upon her constitutional rights. Her subsequent compliance with the officer's request . . . cannot be construed as a waiver of her rights."[2]

We have also considered the recent decision of our Supreme Court in *People* v. *Superior Court,* 71 Cal.2d 265 [78 Cal. Rptr. 210, 455 P.2d 146]. There the trial court had suppressed evidence obtained by a search of an automobile. The auto had been stopped for cause by an officer of the California Highway Patrol who then, under circumstances held to be illegal, arrested a female passenger in the car for possession of marijuana. A second passenger of the auto, although not formally arrested, was required to leave it and then to reenter and stay in the driver's seat. Nothing further occurred for about 30 minutes when three back-up Highway Patrol vehicles arrived. The officer then informed Leonard, the owner of the car, that the female passenger had been arrested and that the other occupants of the car were going to be "checked out." He ordered Leonard out of the auto and asked whether he cared

---

[2]We express no opinion of our acquiescence in this extension of the rule of *People* v. *Fioritto,* 68 Cal.2d 714 [68 Cal.Rptr. 817, 441 P.2d 625] from the field of confessions and admissions to the area of consensual search.

if the officers checked the car. Leonard replied that he did not. The Supreme Court held on these facts that marijuana found in the car was the product of the unlawful arrest of the female passenger and was hence illegally obtained evidence.

In so doing, the court while stating that it was not required to resolve the question said: ''From these circumstances emerge cogent reasons in support of defendants' claim that Leonard's consent to the search of this car was involuntary as a matter of law.'' (*People* v. *Superior Court*, 71 Cal.2d 265, 271 [78 Cal.Rptr. 210, 455 P.2d 146].)

The quoted language of our Supreme Court is, however, inapplicable to the case at bench both by reason of the facts of *People* v. *Superior Court, supra,* and the context in which the language is used. In *People* v. *Superior Court, supra,* the owner of the automobile said he had no objection to a search only after he had been restrained for more than one-half hour without an explanation and had been told he and his passengers would be ''checked out,'' presumably with or without his consent. No such facts are present in the instant case.

Moreover, the Supreme Court in *People* v. *Superior Court, supra,* was not concerned with whether the officers had made a legal search based on consent. It concluded initially that there had been an unlawful arrest and then considered the purported consent in the context of its effect in dissipating the consequences of the illegality. The showing required to accomplish such a dissipation is a different one from that necessary to authorize a search not preceded by improper police conduct.

The order suppressing evidence and dismissing the cause is reversed.

Wood, P. J., and Lillie, J., concurred.