(No. 36059.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. CLYDE BURNETT, Plaintiff in Error.

*Opinion filed November 28, 1960.*

HOWARD T. SAVAGE, of Chicago, for plaintiff in error.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Clyde Burnett, after waiving a trial by jury, was found guilty by the municipal court of Chicago upon a charge of unlawfully possessing obscene photographs, (Ill. Rev. Stat. 1957, chap. 38, par. 468,) and sentenced for a term of three months in the county jail. Defendant contends that

the trial court erred in denying his motion to suppress the photographs as evidence because they were obtained during an unlawful search. A debatable constitutional question is involved. *People* v. *Watkins,* 19 Ill.2d 11.

On May 9, 1958, at about 11:00 P.M., Robert Gore, a deputy coroner, together with three police officers went to the defendant's apartment. The officers waited outside while Gore went inside. He was led to a bedroom where two nude women performed a lewd and lascivious show in exchange for $20. After Gore had been in the apartment for about 30 minutes, officer Williams knocked at the door and was admitted by one of the women who was still nude. Gore told Williams what had happened and he arrested the two women. Williams admitted officer Disteldorf, who went to the rear room of the apartment where Gore said he heard someone. There he found the defendant in his pajamas and brought him to the front of the apartment where Gore, Williams and the two women were. One of two marked $10 bills that Gore had given to the women was sticking out of defendant's pajama pocket. The defendant was then arrested.

A search of the apartment was made and officer Disteldorf found a tin box in the bedroom closet. The box was locked and the officer directed defendant to give him the key. The box was opened and found to contain the obscene photographs.

The principal issue is whether the search of defendant's apartment was incidental to his arrest. A search incident to an arrest is authorized when it is reasonably necessary to protect the arresting officer from attack, to prevent the prisoner from escaping, or to discover fruits of the crime. As we stated in *People* v. *Watkins,* 19 Ill.2d 11, the critical issue is whether the situation that confronted the officer justified the search.

There is nothing in the record to indicate that a search of the tin box, which was locked and tucked away in the

closet, was reasonably necessary to protect the officers or to prevent defendant's escape. In addition, all the evidence had been gathered which would tend to prove or to connect defendant and the two women with the offense for which they had been arrested. This readily distinguishes the case from *People* v. *Van Scoyk,* 20 Ill.2d 232, decided at the September Term. In the *Van Scoyk case* $20 in marked bills were given to defendant, an alleged prostitute. After arresting her, the officers made a search for the bills and came upon a quantity of pornographic material.

We are of the opinion that the search of the box was not incidental to the arrest and the trial court erred in denying the motion to suppress. Since the only evidence tending to prove the offense was obtained by means of an unlawful search, no useful purpose will be served by remanding the cause for another trial. The judgment is therefore reversed.

*Judgment reversed.*