(No. 36061.— ▮▮▮▮▮▮▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. FANNIE ALEXANDER *et al.*, Plaintiffs in Error.

*Opinion filed January 20, 1961.—Rehearing denied March 27, 1961.*

George M. Crane, of Chicago, for plaintiffs in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendants, Fannie Alexander and Marie Walker, were tried in the criminal court of Cook County by the court without a jury on three separate indictments. In two of these indictments the defendants were jointly charged, together with one Bo Handsborough, with the crimes of conspiracy to sell narcotics and the sale of narcotics. In the third indictment the defendant Marie Walker was charged with possession of narcotics. The indictments were nolled as to Handsborough and were then

consolidated for trial, and each defendant was found guilty under each indictment. A writ of error has been issued from this court to review the judgments of conviction. While under normal circumstances the practice of obtaining review of separate judgments of conviction by a single writ of error is not permitted, the practice has been sanctioned by this court. (*People* v. *De Cola,* 15 Ill.2d 527.) We find in the present case that the crimes with which the defendants were charged in the three indictments were related to each other and we are of the opinion that an orderly administration of justice permits the review of the three convictions on a single writ of error.

Defendants contend that the evidence was insufficient to establish their guilt and that there was a variance between the indictments and the proof. The defendant Walker contends that evidence obtained through an unlawful search was admitted in evidence on the indictment in which she was charged with unlawful possession of narcotics. We shall first consider the contention that the evidence failed to establish the guilt of the defendants in the conspiracy case and in the sale of narcotics case.

A Federal agent, Dennis Dayle, testified that in the morning of July 8, 1959, he had a conversation with Bo Handsborough and gave him $415. About two hours later Handsborough returned with some narcotics and Dayle paid him an additional $85 and received the narcotics from Handsborough. Handsborough testified that on July 8, he was acquainted with Dayle, but did not know that he was a narcotics agent. Dayle on that date gave him $415 with which to buy narcotics and he went to Fannie Alexander's residence and said that he had come for some dope for a friend of his. Fannie told him that the price would be $500 and told him to go to Marie Walker's house to get the dope. He testified that he gave Fannie Alexander $500 and went to Marie's house. She told him that Fannie had called her and told her that Bo was coming and she gave him a quantity

of narcotics which he took back to Dayle. Bo told Dayle that the narcotics cost $500 and Dayle gave him $85 more. There was some further testimony as to later transactions between Handsborough and Dayle in which Handsborough attempted to buy more narcotics for Dayle. Inasmuch as the sale and conspiracy indictments alleged a sale on July 8, we are of the opinion that this evidence should not be considered.

Each of the defendants testified in her own defense. Fannie Alexander denied that she ever received any money from Handsborough for the purposes of supplying him or anybody else with narcotics. She testified that Handsborough did call her one morning and tell her that he had some money and wanted to get some heroin but she told him not to talk to her about narcotics. Marie Walker denied ever furnishing narcotics to Bo Handsborough.

At the conclusion of all the evidence the trial judge stated that the case did not have the corroboration that he would like to see in a narcotics case but that he felt that there was ample evidence to show that the defendants were conspiring with Handsborough to sell narcotics. The judge stated that he was satisfied with the testimony of Handsborough even though it was not corroborated as much as he would like.

The defendants contend that the evidence fails to show a sale by defendant to Dayle and contend that, at the most, the evidence shows a sale to Handsborough. The same argument is advanced in support of the charge that there is a variance between the indictments, which allege a conspiracy to sell and a sale to Dayle. This argument ignores the realities of the situation. It is true that the evidence showed that Handsborough gave the money to Mrs. Alexander and that Mrs. Walker gave the narcotics to Handsborough. However, the evidence is also clear that Dayle had given Handsborough the money to buy narcotics for him and both of the defendants knew that Handsborough was buying the narcotics for someone else. Therefore, if the testimony of Dayle and Handsborough was believed by the trial judge;

there was sufficient evidence to show a conspiracy to sell narcotics and a sale of narcotics by the defendants to Dayle, and the fact that the sale was made through Handsborough is immaterial.

Defendants argue that the testimony of Handsborough is not worthy of belief since he was an accomplice in the transaction. The defendants also contend that the fact that the indictments against Handsborough were nolle prossed shows that his testimony was influenced by a promise of leniency. While the testimony of an accomplice must be scrutinized with caution, the uncorroborated testimony of an accomplice is sufficient to convict. (*People* v. *Williams,* 19 Ill.2d 171.) Handsborough testified that he was not promised leniency by the State, but admitted that Dayle had told him that he would get a break. Another narcotics agent testified that no promise of leniency was ever made to Handsborough. However, even if such a promise had been made, this would go only to the credibility of Handsborough's testimony. The trial judge expressly stated that he believed Handsborough, and his determination as to the credibility of his testimony will not be disturbed by this court. We are of the opinion that the evidence was sufficient to establish that the defendants were guilty of conspiring to sell narcotics to Dayle and of selling narcotics to him.

This leaves for consideration the conviction of the defendant Walker on the charge of possession of narcotics. In September, 1959, Federal narcotics agents arrested the defendant Walker in her apartment under authority of a warrant issued by the municipal court of Chicago. They had no search warrant. After the defendant was placed under arrest seven narcotics agents undertook a complete search of the defendant's apartment. They searched every portion of every room in the apartment and finally ripped up some linoleum on the floor of a closet and ripped up some boards in the floor and found the narcotics. These narcotics were introduced in evidence at the trial and were the prin-

cipal evidence against the defendant Walker on the charge of possession of narcotics. Said defendant contends that the Federal agents had no authority to arrest her because their authority only extended to the execution of Federal warrants and that they had no authority to act under the State warrant issued by the municipal court. Defendant further contends that even if the arrest was legal, the search was not a lawful incident to the arrest. We do not find it necessary to consider whether the agents had authority to arrest the defendant, for we are of the opinion that regardless of the legality of the arrest the search of the apartment was illegal. An officer making a lawful arrest has the right to search the person arrested and this right of search may in proper cases extend beyond the person to an area in immediate physical relation to him. (*People* v. *Tillman,* 1 Ill.2d 525.) However, this right of incidental search extends only to such a search as is reasonably necessary to protect the officers from attack, to prevent the escape of the prisoner, or to discover the fruits of the crime and does not justify the arresting officer in searching an entire home without first obtaining a search warrant. (*People* v. *Burnett,* 20 Ill.2d 624; *People* v. *Kalpak,* 10 Ill.2d 411.) The search here was far more extensive than the limited search which is permissible as an incident to a lawful arrest and the narcotics which were found as a result of the search should not have been admitted in evidence. Since the only evidence tending to establish the guilt of the defendant Walker of the charge of unlawful possession of narcotics was obtained through an illegal search, the judgment of conviction on that charge must be reversed.

Finally, the defendants contend that the erroneous admission in evidence of the illegally seized narcotics requires reversal of the sale and conspiracy convictions as well as the conviction on the charge of possession. They argue that the trial judge considered this evidence as evidence against the defendants in the sale and conspiracy cases, and that de-

fendants were thereby prejudiced. Aside from the question of the illegal search, the narcotics which were found in Marie Walker's apartment in September were not admissible as evidence in the conspiracy and sale cases, for these crimes took place two months earlier. If the trial judge did consider this evidence in the sale and conspiracy cases, there would be some force to defendant's argument. However, there is nothing in the record to indicate that this evidence was considered in these cases. In announcing his finding of guilty, the trial judge stated that he believed the testimony of Handsborough, which showed that the defendants were guilty of a conspiracy and a sale. He did not refer to the evidence of the seized narcotics, and the presumption is that he did not consider this evidence, since in a trial by the court without a jury, the trial judge is presumed to have considered only competent evidence. *People* v. *Grodkiewicz,* 16 Ill.2d 192; *People* v. *Burts,* 13 Ill.2d 36.

For the reasons stated in this opinion the judgments of conviction in the sale and conspiracy cases are affirmed and the judgment of conviction as to the defendant Marie Walker on the possession charge is reversed.

*Affirmed in part and reversed in part.*