[Crim. No. 14154.    Second Dist., Div. One.    Dec. 20, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. GILBERT GENE MARTINEZ, Defendant and Respondent..

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, and Robert J. Lord, Deputy District Attorney, for Plaintiff and Appellant.

Marshall, Busby & Clark and Dwain Clark for Defendant and Respondent.

FOURT, J.—This is an appeal from an order granting a motion under section 995, Penal Code, setting aside the information as to defendant.

Respondent was charged in an information filed in Los Angeles on February 1, 1967, with the possession of marijuana on January 7, 1967. In the preliminary hearing, Officer Romero testified that he was on patrol duty on January 7, 1967, at about 3:50 p.m. eastbound in the 1900 block of Pennsylvania Street, Los Angeles, when he saw defendant eastbound on the south side of the street. The officer saw the

defendant glance in the direction of the police car and then throw a brown paper sack to the curb. The officer stopped the police car to question defendant and to ask him what it was that was thrown. The answer of defendant to the officer's question was ''Nothing.'' The officer and the defendant then walked back to the sack, opened it and found it contained loose material and a cigarette, resembling marijuana. The cigarette was still warm. There was a stipulation which established the narcotic character of the contents of the sack.

The officer placed defendant under arrest for possessing marijuana after he had inspected the contents of the sack. The officer testified that he stopped people who made such ''furtive actions'' under the circumstances—stating further that the defendant had looked quickly in the direction of the officer and police car which was going only about five miles per hour, and then had hurriedly thrown the sack to the curb.

We are persuaded that there was nothing illegal or unreasonable in the conduct of the officer. While patrolling he saw defendant take the action which he took—the officer then stopped his patrol car and got out and recovered the sack with the marijuana in it. The sack was in open, plain view for anyone to see. The defendant had had possession of it only a moment before and upon seeing the police abandoned his contraband in a hurry. The abandonment by defendant was not occasioned by some threatened law violation by the officer such as occurred in *Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201] or any threatened invasion of any constitutional rights. (See *People* v. *Stout,* 66 Cal.2d 184, 192 [57 Cal.Rptr. 152, 424 P.2d 704].)

There were no infringements of defendant's constitutional rights—every action of the officer was reasonable.

The order is reversed.

Wood, P. J., and Lillie, J., concurred.