[Civ. No. 33449.   Second Dist., Div. One.   Apr. 1, 1969.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DOUGLAS BRUCE MAC LACHLIN, Real Party in Interest.

[Crim. No. 15546.   Second Dist., Div. One.   Apr. 1, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. DOUGLAS BRUCE MAC LACHLIN, Defendant and Respondent.

340

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Petitioner and Plaintiff and Appellant.

No appearance for Respondent.

Bruce M. Margolin for Real Party in Interest and Defendant and Respondent.

LILLIE, J.—Defendant was charged by information with possession of marijuana (§ 11530, Health & Saf. Code) ; after arraignment he made dual motions—to suppress the evidence (§ 1538.5, Pen. Code) and to dismiss (§ 995, Pen. Code). At a

special hearing on June 18, 1968, both motions were heard at the same time on the transcript of the testimony taken at the preliminary hearing, and granted. Before us are the People's appeal from order granting defendant's "1538.5 & 995 motions" (2d Crim. 15546) and subsequent petition for writ of mandate to review the ruling on the motion to suppress the evidence (2d Civ. 33449).

█ We direct our attention to the merits on the mandamus proceeding for we can only assume, notwithstanding the statement of respondent court to the contrary—"Motion will be granted under 995 & 1538.5"—that the court first granted the motion to suppress (§ 1538.5, Pen. Code), then the motion to dismiss (§ 995, Pen. Code).

The following appears in the transcript of the testimony taken at the preliminary hearing. On April 8, 1968, Officers Marvin and Wasnack, both in uniform, were on patrol duty in a black and white police vehicle; around 10:30 p.m. they responded to a radio call for a 415 group at 5400 Enfield Avenue. In the vicinity of Lindley driving east on Killian, Officer Marvin observed about 50 feet away defendant and another male walking west on the north side of Killian toward the police vehicle. Officer Marvin had just turned the corner onto Killian and was going between 15 an 20 miles per hour; he did not increase his speed so he and his partner could look at defendant and his companion "in case possibly they were involved in the particular call we were rolling to." The officer testified that as the police vehicle approached "they looked at us rather nervously," and as he drove by he saw defendant "reach hurriedly to his waistband, and immediately throw—that was with his left hand—and threw ["he dropped it or used a throwing motion with his left hand"] what appeared to be a piece of white paper to the sidewalk." The officer then backed up the vehicle 20 or 25 feet; from the time he saw defendant drop the piece of paper he had his eyes constantly on him—he turned around to back up and could see defendant and where the paper landed; and as he got out of the police vehicle and walked up to talk to defendant he observed about 10 feet away in the middle of the sidewalk the paper or object defendant had thrown away. This area, about a block from the destination of the radio call, is made up almost exclusively of apartment house dwellings. The officer said he stopped defendant "to see what his business in the area was. We have a great deal of trouble in this area as far as prowling, burglaries, thefts from cars and from carports in

the apartment area, and also the possibility that he might be connected with the call we were rolling on''; it was for this reason ''combined with his actions and nervousness as we rode by'' that they stopped him. Officer Marvin talked to defendant while Officer Wasnack walked over and picked up the piece of paper he had seen defendant drop; he observed ''that it was a white paper, baggy-type, and there was a hand-rolled —what appeared to be a hand-rolled cigarette there, and other debris in the paper. Closer examination showed the debris in the bag to resemble marijuana with seeds and leafy material in it. Also the cigarette with seeds and leafy material resembling marijuana.'' The marijuana cigarette (butt), a paper bag containing one gram of loose marijuana and a book of matches were received as Exhibit 1. After Officer Wasnack returned with the narcotic, Officer Marvin walked back a step or two, about 10 feet, and looked around in the area, including the gutter; no other papers were within the immediate area 10 or 15 feet of where the items were thrown; he arrested defendant and advised him of his constitutional rights.

■ Section 1538.5, Penal Code, under which the motion was made, is restricted to the suppression of evidence ''obtained as a result of a search or seizure'' and as to this defendant, ''on the ground that:

''(1) The search or seizure without a warrant was unreasonable'' (§ 1538.5 subd. (a), Pen. Code). On this narrow ground the evidence compels the conclusion that respondent court erred in granting defendant's motion to suppress.

Whether or not the conduct of the officers in originally detaining defendant was proper and reasonable (we say that it was), is not an issue under the instant motion for it is patently obvious that no evidence of any kind was recovered from defendant's person or his property or by reason of his temporary detention by Officer Marvin, or ''obtained as the result of a search or seizure.'' ■ *First*, the evidence defendant sought to suppress, and the only evidence sufficient to establish probable cause that defendant committed the crime charged, was Exhibit 1—a hand-rolled marijuana cigarette (butt), one gram of loose marijuana and a book of matches, all contained in a ''baggy-type'' white paper. As they drove by defendant in a police vehicle and he became aware that they were officers, defendant hurriedly reached to his waistband and threw Exhibit 1 to the sidewalk. Thus, even before the officers were able to back up, get out of the vehicle and approach defendant he had already intentionally aban-

doned the only evidence used against him in this prosecution, and walked on. When Officer Marvin talked to defendant the evidence lay 10 feet behind him on the sidewalk; it was recovered by Officer Wasnack, not from defendant's person or his property but, from a public sidewalk where anyone had a right to pick it up. *Second,* there is no evidence that defendant did not voluntarily throw away the contraband or that any action on the part of the officers caused defendant to abandon it. At the time defendant threw away the narcotics, the officers, in the performance of their official duties, were simply driving by on their way to a radio call destination and had neither slowed down nor stopped nor done anything that would constitute a threat to him of illegal detention or search. "The abandonment by defendant was not occasioned by some threatened law violation by the officer such as occurred in *Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201] or any threatened invasion of any constitutional rights. (See *People* v. *Stout,* 66 Cal.2d 184, 192 [57 Cal.Rptr. 152, 424 P.2d 704].)" (*People* v. *Martinez,* 257 Cal.App.2d 270, 271 [64 Cal.Rptr. 666].) *Third,* the evidence was not "obtained as a result of a search or seizure" (§ 1538.5, Pen. Code) since the police recovered the contraband from the public sidewalk where it was in plain sight for anyone to see and pick up. (*People* v. *Martinez,* 257 Cal.App.2d 270, 271 [64 Cal.Rptr. 666].) Things that are open to view require no search. (*People* v. *West,* 144 Cal.App.2d 214, 219-220 [300 P.2d 729]; *People* v. *Alvarez,* 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721].)

While the propriety of the officers' act of detaining defendant is not a material issue because here the validity of the original detention has no bearing on the admissibility of the evidence, the record nevertheless establishes that there was nothing illegal or unreasonable in the conduct of the police. (*People* v. *Martinez,* 257 Cal.App.2d 270, 271 [64 Cal.Rptr. 666]; *People* v. *Monreal,* 264 Cal.App.2d 263, 265 [70 Cal. Rptr. 256].)

In granting both motions the judge commented: "I am just not inclined to give this thing the importance that apparently is being given to it by the courts. . . . I am inclined to think that it is not important enough for us to waste time with, Counsel."[1] ▇▇ Again referring to the narrow ground of

---

[1]Among other things, defense counsel argued before respondent court "although not diminimus [*sic*] to the extent of *People* v. *Leo* [*sic*], but certainly, it might be considered to be diminimus [*sic*] to rate an action

defendant's motion to suppress (§ 1538.5, Pen. Code), the quantity of evidence sufficient to warrant prosecution was not properly before respondent court. However, the record establishes an amount (portion of marijuana cigarette and one gram of loose marijuana) not only usable under the rule· of *People* v. *Leal*, 64 Cal.2d 504, 512 [50 Cal.Rptr. 777, 413 P.2d 665], but that it had in fact been used and was being carried together with a book of matches in his waistband for use by defendant until he discovered the officers and intentionally abandoned it.

At the time it granted defendant's motion to suppress (§ 1538.5, Pen. Code) the court ,below dismissed the case, not on its own motion under section 1385, Penal Code,[2] but on defendant's motion under section 995, Penal Code.[3] While the weight to be accorded the evidence, the credibility of witnesses and the determination of factual conflicts are matters for the committing magistrate[4] (*Rideout* v. *Superior Court*, 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]·), the overriding consideration here is whether the court·below acted in excess of its jurisdiction in dismissing the case on defendant's motion under section 995, Penal Code. We conclude that it did.

Under section 1538.5, Penal Code, if the superior

against this individual and go through a trial with the small amount of evidence.''

[2]Section 1385, Penal Code: ''The court may, either on its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.''

[3]Section 995, Penal Code: ''The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases:

''. . . . . . . . . . .

''If it be an information:

''1. That before the filing thereof the defendant had not been legally committed by a magistrate.

''2. That the defendant had been committed without reasonable or probable cause.''

[4]Defense counsel argued in the court below, ''We feel there' is a reasonable doubt as to whether or not there was sufficient evidence on the part of the defendant as had been ascertained in ·the case.

''MR. SACKS [deputy district attorney]: That is. for the time of trial to bring up an issue. . . .

''THE COURT: . . . The time element involved, 10:30 'P.M.—it' is' not a late hour of the night. There is nothing specific about what the defendants were doing at the time they were .walking. . . . Obviously, they saw the defendant throw something, but, at least, that' is what the officer says.''

court grants defendant's motion to suppress the evidence at a special hearing, the People may relitigate the issue at trial if they can meet certain criteria or seek appellate review of the ruling on the search and seizure motion by petition for writ of mandate as provided in subdivision (o)[5] "unless the court prior to the time such review is sought has dismissed the case pursuant to section 1385" (§ 1538.5 subd. (j)), in which event, by direct "appeal from the order of dismissal." (§ 1538.5 subd. (j); § 1238, subd. 7.) If the People have sought and been denied review under subdivision (o), defendant is entitled to have the case dismissed if not brought to trial within 30 days of the last denial of the petition (§ 1538.5, subd. (l), Pen. Code).

Here, simultaneously with the granting of defendant's motion to suppress the trial court, instead of dismissing the case on its own motion under section 1385 to permit the People a direct appeal from the order to test the court's ruling on the motion to suppress (§ 1238, subd. 7, Pen. Code), granted defendant's motion to dismiss under section 995, Penal Code. The effect of such action in cases in which the sole evidence against defendant has been suppressed is to foreclose to the People effective appellate relief from an adverse ruling on the search and seizure motion—if the People seek appellate review of the ruling on the motion to suppress by petition for writ of mandate as provided in section 1538.5 subdivision (o), Penal Code, even if the appellate court entertains the petition and orders issuance of the writ directing the superior court to vacate its order suppressing the evidence and make a different order denying defendant's motion to dismiss, the People have gained an empty victory for the order cannot be executed because there is no case pending before the superior court the same previously having been dismissed by it on defendant's motion under section 995, Penal Code; and if in addition the People appeal from the order granting defendant's motion to dismiss under section

---

[5]Section 1538.5, subdivision (o), Penal Code: "Within 30 days after a defendant's motion is granted at a special hearing in the superior court, the people may file a petition for writ of mandate or prohibition, seeking appellate review of the ruling regarding the search or seizure motion. If the trial of a criminal case is set for a date which is less than 30 days from the granting of a defendant's motion at a special hearing in the superior court, the people, if they have not filed such a petition and wish to preserve their right to file such a petition, shall file in the superior court on or before the trial date or within 10 days after the special hearing, whichever occurs last, a notice of intention to file such a petition and shall serve a copy of the notice upon the defendant."

995, they cannot prevail in their efforts to have the case reinstated in the superior court so that the writ may be given full effect because the sole evidence against defendant having been removed from the case by the order suppressing the same there is not reasonable cause to hold him for trial. Thus, by granting defendant's motion to dismiss under section 995 at the same time it grants defendant's motion to suppress under section 1538.5, Penal Code, the superior court can insulate itself from appellate review and prevent the People from ever being able to obtain effective appellate relief from the adverse ruling on the search and seizure motion. Certainly this was not intended by the Legislature in enacting section 1538.5, Penal Code, nor do we believe this was intended by the court below.[6] ▪ On the other hand if, after granting defendant's motion to suppress, the superior court feels the case should be dismissed, the procedure therefor is found in sections 1538.5 subdivision (j), 1385 and 1238, subdivision 7, Penal Code, which provide that the court on its own motion may order a dismissal based upon the granting of defendant's motion to suppress; from this order the People may take an appeal and therein test the ruling on the motion to suppress.

▪ The Legislature having considered the existing law inadequate, one of the underlying purposes of the 1967 enactment of section 1538.5, Penal Code, was to afford the People effective appellate relief from an adverse ruling on the admissibility of evidence obtained by search and seizure (see Report of Committee on Criminal Procedure on Search and Seizure, Pre-emption, Watts, Firearm Control, Assembly Interim Committee on Criminal Procedure, p. 15); accordingly, it specifically gave to the People the right to seek appellate review by petition for writ of mandate or on appeal from an order of dismissal under section 1385. That the Legislature intended

---

[6]That the superior court was clearly mistaken in its understanding of the law is shown in the following colloquy:

"MR. SACKS [deputy district attorney]: Your Honor, is the 1538.5 being granted?

"THE COURT: Both of them.

"MR. SACKS: Your Honor, I think there is a procedure wherein we have the right to appeal the 1538.5 before the Court, and if the Court indicates that, the 995 should be set over for another date; otherwise, both cases are before the Court.

"THE COURT: I am doing this another way. I am granting both motions. If you want to appeal from both motions, of course, you may appeal on both motions. You have just as much time on one as you have on the other, and they can always be brought back into court. There is no problem there.

"You may have a different way of doing that, but I have my own."

no termination of the case under section 995, Penal Code, simultaneously with the granting of a motion to suppress the evidence is borne out by the language of section 1538.5; in fact the intent of subdivision (*l*) is that the superior court shall have no authority to grant such a motion to dismiss. "The trial of a criminal case shall be stayed to a specified date pending the termination in the appellate courts of the State of California of the proceedings provided for in this section, Section 1238, or Section 1466 and, except upon stipulation of the parties, pending the time for the initiation of such proceedings. Upon the termination of such proceedings, the defendant shall be brought to trial as provided by Section 1382, and subject to the provisions of Section 1382, whenever the people have sought and been denied appellate review pursuant to subdivision (o) of this section, the defendant shall be entitled to have the action dismissed if he is not brought to trial within 30 days of the date of the order which is the last denial of the petition. Nothing contained in this subdivision shall prohibit a court, at the same time as it rules upon the search and seizure motion, from dismissing a case pursuant to Section 1385 when such dismissal is upon the court's own motion and is based upon an order at the special hearing granting defendant's motion to return property or suppress evidence." (§ 1538.5, subd. (*l*).) In providing an appropriate stay of the trial of the criminal case (subd. (*l*)) to implement the appellate procedure spelled out in subdivision (o), the Legislature recognized that otherwise the People could be denied their right of appellate review; and it is obvious that the same result would follow a disposition of the criminal case by dismissal under section 995. ▆ Thus, to prevent a frustration of the People's right to file a petition for writ of mandate we interpret the Legislature's use of the word "trial" in the stay provision (subd. (*l*)) to embrace a dismissal on defendant's motion under section 995, Penal Code; and conclude that in the absence of a stipulation of the parties the superior court has no more authority to terminate the criminal case by dismissal under section 995, Penal Code, than to proceed to trial pending the termination of appellate proceedings. This is supported by further language of subdivision (*l*) specifically excepting from the prohibition contained therein a dismissal of the case on the court's own motion pursuant to section 1385 based upon the order granting the motion to suppress. ▆ As to a stipulation, the record reflects the People's expressed opposition to the grant-

ing of defendant's motion to dismiss under section 995. Thus, we hold that when it granted defendant's motion to suppress the evidence under section 1538.5, Penal Code, the superior court acted in excess of its jurisdiction in simultaneously granting defendant's motion to dismiss under section 995, Penal Code.

For the foregoing reasons that portion of the order of June 18, 1968, dismissing the case under section 995, Penal Code, is reversed; the appeal from that portion of the order granting defendant's motion under section 1538.5, Penal Code, is dismissed. Let a writ of mandamus issue directing respondent court to vacate its order of June 18, 1968, granting defendant's motion to suppress the evidence and make a new and different order denying defendant's motion.

Wood, P. J., and Fourt, J., concurred.