(No. 41824.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MICHAEL MACHROLI, Appellant.

*Opinion filed Nov. 26, 1969.—Rehearing denied Jan. 28, 1970.*

UNDERWOOD, C.J. and CREBS, J., dissenting.
WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (CONSTANTINE P. XINOS and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL D. STEVENSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Separate indictments were returned by the grand jury of Cook County which charged the defendant, Michael Machroli, with aggravated battery (Ill. Rev. Stat. 1965, chap. 38, par. 12—4) and unlawful possession of narcotics (Ill. Rev. Stat. 1965, chap. 38, par. 22—3). He waived a jury trial, the two indictments were consolidated, and after a trial before the court he was found guilty on each indictment. He was sentenced to imprisonment for not less than one nor more than five years on each of two counts of aggravated battery, and to imprisonment for not less than five nor more than seven years for unlawful possession of narcotics. All three sentences run concurrently. Upon the defendant's appeal, the appellate court for the first district affirmed all three convictions. (100 Ill. App. 2d 227.) We granted leave to appeal.

In this court the defendant challenges only his conviction for unlawful possession of narcotics. His contention is that his motion to suppress was erroneously denied and that the evidence upon which he was convicted was obtained through an unlawful search and seizure. In our opinion this contention must be sustained.

The defendant was arrested by a police officer who responded to a call which reported a domestic disturbance

in the apartment in which the defendant was living with a widow and her two daughters, two and five years of age. When the officer arrived the defendant was lying on the floor of the bedroom where he had been thrown by the widow's cousin. He was dressed in a tee shirt and shorts, and after the officer had questioned the defendant and others who were present, he placed the defendant under arrest and ordered him to get dressed. His clothes were not in the bedroom; the widow handed them to the arresting officer, who in turn handed them to the defendant. The officer testified that he saw the defendant remove a small white box from the pocket of his trousers as he was putting them on and place the box on a dresser. He testified that he had not searched the trousers, although he did search the pockets of the defendant's jacket before he handed that to him.

After the defendant had left the bedroom, the officer entered, picked up the box, opened it, and discovered that it contained three white tablets. At that time he did not know whether they were aspirin or what they were. He did not suspect that they were any kind of narcotics. The officer further testified that in response to his question the defendant said that the pills were his. There was no further conversation about the pills at that time, and the defendant was not charged with unlawful possession of narcotics until four days later, after chemical analysis of the pills had identified them as a narcotic drug commonly known as "dolophine or methodan". The defendant testified that the pills had never been in the pocket of his trousers, that they did not belong to him, that he did not know what they were, and that he had never stated that they were his.

The State seeks to justify the search upon the ground that the box containing the three pills was in plain view when the officer seized and opened it, that no search occurred, and the action of the officer was therefore reasonable. We cannot accept this contention. A search incident

to an arrest is authorized when it is reasonably necessary to protect the arresting officer from attack, to prevent escape, or to discover the fruits of the crime. *People* v. *Burnett,* 20 Ill.2d 624; *Chimel* v. *California,* 395 U.S. 752, 23 L. Ed. 2d 685.

The box and its contents were in no way related to the offense for which the defendant was arrested. If we accept the officer's testimony that he did not search the defendant's trousers before handing them to him, it is clear that he was not concerned about the necessity of protecting himself from attack or that he feared an attempt to escape. If the testimony of the defendant is accepted, the officer had already searched the trousers and the box containing the three pills was not in them. In either event, we see no justification other than curiosity for the officer's conduct in entering the bedroom after the defendant had left it and taking possession of the box. *People* v. *Tate,* 38 Ill.2d 184.

We hold, therefore, that nothing in the situation which confronted the officer justified him in seizing the box. It was therefore error to deny the defendant's motion to suppress the contents of the box as evidence, and the conviction of unlawful possession of narcotics must be reversed.

*Judgment reversed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

I cannot agree that the seizure by the officer of the contents of the box was invalid. As reiterated by the United States Supreme Court, " 'what the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.' Elkins v. United States, 364 U.S. 206, 222, 4 L. Ed. 2d 1669, 1680, 80 S. Ct. 1437 (1960)." (*Terry* v. *Ohio* (1968), 392 U.S. 1, 9, 20 L. Ed. 2d 889, 899, 88 S. Ct. 1868, 1873.) In this case, defendant had been law-

fully arrested. In the course of putting on his trousers before accompanying the officer to the station, defendant was observed by the officer to remove the box from his pocket and place it on the dresser. His action in doing so would normally raise in the minds of most persons an immediate question as to his reason for wanting to rid himself of the box and its contents before going to the police station. This, in my judgment, constituted probable cause to inspect the contents of the box. *People* v. *Hanna,* 42 Ill.2d 323, 330-31; *People* v. *Owens,* 41 Ill.2d 465, 467; *People* v. *Martinez,* 257 Cal. App. 2d 270, 64 Cal. Rptr. 666, 667.

We "must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances. And in making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate? Cf. Carroll v. United States, 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); Beck v. Ohio, 379 U.S. 89, 96-97, 13 L. Ed. 2d 142, 147, 148, 85 S. Ct. 223, 229 (1964)." (*Terry* v. *Ohio* (1968), 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880.) This case, I believe, is simply a situation in which the defendant's conduct gave the officer reasonable grounds for believing that a criminal offense had been committed having some connection with the contents of the box. As a reasonable and prudent officer should, he examined it.

I would affirm denial of the motion to suppress and the judgment of conviction.

Mr. Justice Crebs joins in this dissent.