THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. ALLEN TAYLOR, Defendant-Appellant.

(No. 57946;

First District (4th Division)—December 19, 1973.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, and Barry Rand Elden, Assistant State's Attorneys, and Charles B. Burch, Senior Law Student, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Allen Taylor, was charged with aggravated battery of a seven month old child. After a bench trial he was found guilty and sentenced to a term of four to ten years.

The defendant contends he was not proven guilty of the battery beyond a reasonable doubt and there was no proof of great bodily harm. He also contends the minimum sentence must be reduced to conform with the new Unified Code of Corrections.

Patricia Carr testified she and her baby had been living with the defendant for five months, and on January 18, 1971, he struck the child several times because the child would not stop crying. She said this was the first time he hit the child. About an hour after the beating, when the defendant left home, she took the baby to the hospital.

At the hospital she met two policewomen who accompanied her back to the apartment. Officer Stube testified that after receiving *Miranda* warnings the defendant stated he was sorry he hit the baby. Officer Barry testified she recalled the defendant saying he was sorry, but Patricia Carr had also hit the child. It was stipulated that two male officers who were present at the apartment would also testify the defendant admitted hitting the child.

The defendant testified he never beat the child but Patricia Carr had done so on several occasions. At the time of the arrest he said he was sorry because he was trying to calm Patricia Carr. He denied saying he was sorry he hit the baby. He admitted being a drug addict and stated that Patricia Carr was also an addict. She stated she had been an addict but was not one any longer.

The defendant contends on appeal the testimony of Patricia Carr was impeached and is unworthy of belief, and one must draw the inference that she battered her own child. He also maintains there was no proof the child suffered "great bodily harm."

Dr. Soo Kwank Lee testified the child had contusions on the torso and on the nose and mouth. In his opinion the injuries could have occurred on different days. In addition the baby was suffering from malnutrition which had developed over several months. The child's condition required hospitalization for over a month.

The defendant first contends Patricia Carr was an unreliable witness and the fact there was evidence the baby was in poor condition prior to January 18, 1971, suggests the inference Patricia Carr herself was re-

sponsible for the child's injuries on that date. This contention overlooks the fact that no less than four Chicago police officers heard the defendant admit to beating the child after having been given *Miranda* warnings. At the close of the trial the court stated Patricia Carr may have been the cause of part of the baby's poor condition but found the defendant was guilty of inflicting the injuries suffered on January 18, 1971.

■■■ The fact Patricia Carr was shown to be unreliable in some respects is not sufficient of itself to raise a reasonable doubt as to the defendant's guilt where there was competent evidence corroborating her story in its most essential aspect. In the case of *People v. Novotny* (1968), 41 Ill.2d 401, the court stated the applicable rule:

> "It is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of disputed evidence of the credibility of witnesses for that of the trier of fact who heard the evidence presented and observed the demeanor of the witnesses; and we will not reverse a criminal conviction where the evidence is not so improbable as to raise a reasonable doubt of guilt."

■■ The defendant also maintains there was no proof the baby suffered "great bodily harm" as a result of the January 18 beating and, therefore, one of the essential elements of the crime of aggravated battery is missing. That argument is not persuasive because what constitutes "great bodily harm" is a question of fact to be determined by the judge or jury. *People v. Machroli* (1968), 100 Ill.App.2d 227, *reversed on other grounds* (1969), 44 Ill.2d 222; *People v. Cavanaugh* (1957), 18 Ill.App.2d 279.

The defendant also argues the sentence of four to ten years violates the sentencing provisions of the Unified Code of Corrections. Aggravated battery is a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, § 12—4(d)), and under the Code the maximum term for a Class 3 felony is ten years and the minimum may not exceed one-third the maximum. Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(4).

Accordingly, the defendant's minimum term is reduced from four years to three years and four months.

For these reasons the judgment of the Circuit Court of Cook County is affirmed as modified.

Affirmed as modified.

ADESKO and JOHNSON, JJ., concur.